# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1683V
Filed: April 16, 2019
UNPUBLISHED

|  |  |
|---|---|
| PATRICK D. MCALEESE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Thomas K. Brown*, The Brown Law Firm, LLLP, Houston, TX, for petitioner.
*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On December 22, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barre syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on December 23, 2013. Petition at 1. On August 2, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 51.

On February 15, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 57. Petitioner requests attorneys' fees in the amount of $54,732.00 and

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $4,863.03.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 1.  Thus, the total amount requested is $59,595.03.

On March 1, 2019, respondent filed a response to petitioner's motion.  ECF No. 58.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

### I.   **Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley,* 461 U.S., at 434.

2

**II.     Attorney Fees**

As discussed below, the undersigned finds it necessary to reduce the request for attorney's fees for hourly rates, excessive internal communication, travel, non-compensable billing, administrative time and duplicative entries.

      A.  Hourly Rates

            i.  Dustin Sullivan, Esq.

Petitioner requests compensation for attorney Dustin Sullivan at the rate of $350 per hour for work performed in 2017 and 2018. *Id.* at 32. The undersigned finds the requested rates excessive based on his overall legal experience and his lack of experience in the Vaccine Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Attorney hourly rates are set forth in the OSM Attorneys' Forum Hourly Rate Schedules for the years 2015 – 2019 and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914. The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules. *See also McCulloch*, 2015 WL 5634323, at *19.

Mr. Sullivan was barred in the state of Texas in 2007, placing him in the range of attorneys with 8-10 years of experience for work performed in 2017 and 11 – 19 years of experience for work performed in 2018. The OSM Attorneys' Forum Hourly Rate Schedules is as follows:

- 8 - 10 years' experience (2017) $281 - $358 per hour
- 11 - 19 years' experience (2018) $291 - $370 per hour

Mr. Sullivan's requested rate of $350 per hour is within the requested range for work performed in 2017 and 2018, however it is at the high end of the range. Moreover, Mr. Sullivan lacks the experience in Vaccine Act cases to justify an hourly rate of $350 per hour. Due to Mr. Sullivan's limited legal experience in the Vaccine Program, the undersigned finds cause to reduce his requested hourly rate commensurate with his practice experience. As such, Mr. Sullivan is awarded the following rates;

- $305 per hour for work performed in 2017 and
- $320 per hour for work performed in 2018.

This results in a reduction of attorneys' fees requested in the amount of **$3,808.50**.[3]

        ii.   Thomas K. Brown, Esq.

Petitioner requests the rate of $350 per hour for time billed in 2017 and 2018 by attorney Thomas K. Brown. Mr. Brown was barred in the state of Texas in 1986, placing him in the range of attorneys with over 30 years' experience. The undersigned finds the requested rate reasonable given the undersigned's experience and analysis of the McCulloch factors as applied to Mr. Brown and awards the rate in full.

    B.  Travel Time

On July 24, 2018, attorney Dustin Sullivan billed 7.8 hours as, "Traveled to and from Temple, Texas, and met with client in home to discuss case status and proffer." ECF No. 57-1 at 29. In the Vaccine Program, special masters traditionally have compensated time spent traveling at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.* As Mr. Sullivan block billed his travel time with the time spent in the meeting the undersigned cannot differentiate the amount spent on travel and the amount spent in the meeting. The undersigned will award the full hourly rate for 1.5 hours to reflect the meeting with the client. The balance of the time will be reduced by half, resulting in a reduction of attorney fees in the amount of **$1,008.00**.[4]

    C.  Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, clerical or administrative work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct.

---

[3] This amount consists of ($350 - $305 = $45 x 69.3 hrs = $3,118.50) + ($350 - $320 = $30 x 23 hrs = $690) = $3,808.50.

[4] This amount consists of the already reduced rate of $320 per hour x 3.15 hrs = $1,008.00.

4

at 387). A total of 8.2 hours was billed on tasks considered administrative including: receiving documents, sending correspondence, finalizing, and mailing documents. Examples of these entries include:

- May 10, 2017 (1.70 hrs) "Preparation of Exhibits 5, 8, 9, and 10 for re-filing"
- May 23, 2017 (0.20 hrs) "Communication with Court Clerk regarding Exhibit CD's"
- May 24, 2017 (0.20 hrs) "Transmittal of Exhibit CD's to Court Clerk"
- June 21, 2017 (3.7 hrs) "Compiled notes from client meeting"

ECF No. 57-1 at 10 – 12.

### D.  Excessive Hours Billed

The undersigned also finds that petitioner's motion of attorney's fees includes excessive billing.  The Vaccine Act provides broad discretion to special masters in determining a reasonable amount of fees and costs.  *See* § 15(e)(1).  While petitioner is entitled to an award of attorney's fees, over 10 hours was billed to prepare the four-page petition, three affidavits and accompanying 11 pages of records. These hours included multiple drafts and revisions, conferring with co-counsel, and exhibit preparation. The undersigned also finds that the total number of hours billed by attorneys Thomas Brown, Dustin Sullivan and paralegal Joanne Starbuck regarding internal communications to be excessive.  Specifically, over 10 hours, or was billed between the staff to discuss matters of the case internally.

### E.  Non-Compensable Billing

The undersigned also finds it necessary to reduce the request for fees regarding time billed for unauthorized time spent with regard to researching and obtaining experts. Counsel spent 4.8 hours meeting with and researching experts for this case prior to obtaining all medical records and prior to filing the petition. ECF No. 57-1 at 3-4. Approval for retaining an expert was neither sought nor authorized in this case, no expert report was submitted in this case, and no expert testified at any time during this case. Thus, the undersigned reduces the time spent attempting to obtain an expert in this case.

Based upon the above analysis and the undersigned's experience, petitioner's overall application for attorneys' fees is reduced by 10%. This results in a total reduction of attorney fees in the amount of **$5,092.35**.

### F.  Duplicative Entries

Billing records contain several line entries that are duplicative, including:

- September 29, 2016 (0.30 hrs), "Prepared transmittal letter to Dr. Howard Derman and CD with medical records".
- July 8, 2018 (0.20 hrs), "Exchanged emails with Claudia Gangi regarding offer"

ECF No. 57-1 at 5 and 28.

The undersigned will reduce the request for attorney's fees by **$104.50**, the total amount of the duplicated line entries.

### III.  Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $4,863.03. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

### IV.  Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

| | |
|---|---:|
| Requested attorneys' fees: | $54,732.00 |
| Less reduction for Mr. Sullivan Rate: | - 3,808.50 |
| Less reduction for travel time: | - 1,008.00 |
| Less overall 10% reduction: | - 5,092.35 |
| Less duplicated line entries: | - 104.50 |
| **Adjusted Fees Total:** | **$44,718.65** |
| Requested attorney costs: | $4,863.03 |
| Reductions | - 0.00 |
| **Adjusted Costs Total:** | **$4,863.03** |
| **Total Attorneys' Fees and Costs Awarded:** | **$49,581.68** |

**Accordingly, the undersigned awards the total of $49,581.68[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Thomas K. Brown.**

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

                                                      **s/Nora Beth Dorsey**
                                                      Nora Beth Dorsey
                                                      Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.